86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arlo L. CHRISTY, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3084.
 United States Court of Appeals, Federal Circuit.
 June 12, 1996.
 
 Before RADER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Mr. Christy appeals under 5 U.S.C. §§ 1221(h) and 7703(b) from the Merit Systems Protection Board's (Board) denial of his request for correction of four actual or proposed adverse personnel actions the Department of the Army (Army) took against him. Because Mr. Christy has not established that these personnel actions occurred within a reasonable amount of time of his protected disclosure, this court affirms.
 
 BACKGROUND
 
 2
 Mr. Christy was stationed at the Osan Air Base, in Korea, working for the Aviation Systems Command (AVSCOM) from September 1983 through June 1985. During this time, Mr. Christy's wife was suspected of ration control violations on two occasions. Consequently, the Base Commander, COL Thompson, confiscated Mr. Christy's ration control plate and reduced his authorized rations. On May 21, 1985, Mr. Christy was arrested for drunk and disorderly conduct. On May 24, 1985, COL Thompson indefinitely banned both Mr. Christy and his wife from Osan Air Base.
 
 
 3
 The same day, Mr. Christy explained the events occurring at Osan Air Base in a letter to President Ronald Reagan. In the letter, Mr. Christy asked President Reagan to intervene on his behalf. On October 21, 1985, COL Singleton, from the Office of Inspector General, replied finding none of Mr. Christy's allegations substantiated. Nonetheless, on February 12, 1986, Mr. Christy wrote to President Reagan again.
 
 
 4
 After being barred from Osan Air Base, Mr. Christy was reassigned to AVSCOM in St. Louis and was demoted to GS-11. In 1987, Mr. Christy's performance improved; he won some awards and was promoted to a GS-12 position.
 
 
 5
 On December 20, 1991, Mr. Christy applied for a Supervisory Logistics Management Specialist position, a GM-13 position. On December 31, 1991, James Schwartz, responsible for processing applications for this position, reviewed Mr. Christy's application. There were discrepancies in Mr. Christy's Form 2915-Qualification Analysis and Assessment of Potential for Supervisory Positions. The date and the signature on the form had been altered. Mr. Schwartz contacted Margaret Tempel, who completed the form, to determine the reason for the discrepancies. Ms. Tempel told Mr. Schwartz that she had not completed that form for the position in question but she had completed the form for Mr. Christy for another position.
 
 
 6
 On January 23, 1992, one of Mr. Christy's supervisors proposed to suspend him for fourteen days for falsifying an official qualifications record. Mr. Rubery, the Logistics Director, reduced the suspension to three days. Mr. Christy served the suspension in April 1992.
 
 
 7
 In January 1992, Mr. Christy was accepted in the Army Logistics Education Assistance Fund Long Term Training University Program. This program trains Army personnel for supervisory positions. On January 15, 1992, William Neal, another one of Mr. Christy's supervisors, would not permit him to participate in the program because of the proposed suspension for falsifying official records.
 
 
 8
 In a memorandum dated May 3, 1993, Johnny McMullen, Mr. Christy's supervisor, cited Mr. Christy for insubordinate and discourteous behavior. This memo emphasized that continuing this behavior would result in disciplinary action.
 
 
 9
 In a memo dated February 11, 1994, Mr. McMullen proposed suspending Mr. Christy for five days for a second offense of discourtesy. Mr. Christy served a four-day suspension in April 1994.
 
 
 10
 In a memo dated December 14, 1994, Mr. McMullen proposed suspending Mr. Christy for fourteen days for a third offense of discourtesy. The Army and Mr. Christy executed a settlement agreement in lieu of the suspension.
 
 
 11
 On December 14, 1994, Mr. Christy submitted a complaint to the United States Office of Special Counsel (OSC) alleging that the Army was guilty of prohibited personnel practices. Upon the Board taking jurisdiction, it denied all corrective action. Mr. Christy appeals to this court.
 
 STANDARD OF REVIEW
 
 12
 The scope of judicial review of Board decisions is narrowly defined and limited by statute. A Board decision must be affirmed unless it is:
 
 
 13
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 14
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 15
 (3) unsupported by substantial evidence.
 
 
 16
 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 DISCUSSION
 
 17
 Three tests apply to a federal employee's whistleblowing claim. Clark v. Department of Army, 997 F.2d 1466, 1470 (Fed.Cir.1993), cert. denied, 114 S.Ct. 920 (1994). First, an employee must show by preponderant evidence that his disclosure is a protected "whistleblowing" activity. Second, the employee must show by preponderant evidence that the disclosure is a contributing factor in the personnel action. See 5 U.S.C. § 1221(e)(1) (1994). Third, the agency must prove by clear and convincing evidence that it would have taken the same personnel action in the absence of that disclosure. See 5 U.S.C. § 1221(e)(2) (1994).
 
 
 18
 In this case, the Board correctly determined that Mr. Christy did not meet his burden in the second prong. Mr. Christy did not establish circumstantial evidence that his protected disclosure, his letters to President Reagan, contributed to the personnel actions taken against him.
 
 
 19
 In this case, Mr. Christy complains of suspensions occurring over five to nine years after his first letter to President Reagan. Different supervisors took personnel actions against Mr. Christy. He did not show that any of the supervisors had an interest in retaliating against him for writing letters to a President who was no longer in office. Because the events occurring at Osan Air Base are not directly related to his demotion and are not related to his letters to the President, the Board did not abuse its discretion. The issue is not whether the text in Mr. Christy's letters are true or whether the Military police acted properly in arresting him and his wife at Osan Air Base. The issue before this court is whether Mr. Christy's supervisors retaliated against him for writing the letters to the President. Because Mr. Christy has not established that the personnel actions taken occurred within a reasonable amount of time of his protected disclosure, this court affirms the Board's decision.